```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

W. MAULDIN SMITH,                )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No. 07 C 4009
                                 )
CHICAGO PARK DISTRICT, et al.,   )
                                 )
                Defendants.      )
```

## MEMORANDUM OPINION AND ORDER

W. Mauldin Smith ("Smith") has submitted (1) a self-prepared handwritten Complaint against the Chicago Park District ("District"), its Senior Counsel Nelson Brown ("Brown") and its Deputy General Counsel Jeanne Toft ("Toft") and (2) an In Forma Pauperis Application ("Application"), the latter on the form provided by this District Court's Clerk's Office for use by pro se litigants. Because the Application seeks to invoke 28 U.S.C. §1915 to excuse Smith's payment of the $350 filing fee, this memorandum opinion and order turns first to that question, then goes on to look at the Complaint itself.

As for the Application, Smith reflects that his monthly earnings from what he describes as his self-employed occupation as an educational consultant and realty developer vary between $1,000 and $2,000, in addition to which he received $4,000 in salary or wages during the past 12 months (Application ¶3.a) and approximately $7,200 in annual social security benefits (Application ¶3.d). Application ¶8 lists no one as dependent on

Smith for his or her support. Under that combination of circumstances, Smith has not made an adequate showing of his inability to bear the cost of the filing fee. Accordingly the Application would have to be denied at this time in all events (without prejudice to its proper renewal if he were to present a viable Complaint).

In that latter respect, however, Smith also comes up short. For one thing, the need for some appropriately presented claim links up with his Application, because the caselaw (see, e.g., <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000)) confirms that anyone seeking in forma pauperis status must present not only the requisite financial showing but also a nonfrivolous claim in the legal sense defined by <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). And in this instance Smith has not done so in terms of federal subject matter jurisdiction.

Complaint Counts I (labeled "Fraud"), III (labeled "State Law--Abuse of Process") and IV (labeled "Action Based on the Laws of Illinois for Intentional Infliction of Emotional Distress") are concededly not a basis for federal jurisdiction, for each of them sounds solely in state law. That leaves for consideration only Counts II (labeled "Deprivation of Constitutional Rights"), V (labeled "42 U.S.C. §1983") and VI (labeled "42 U.S.C. §1983 Conspiracy").

2

But placing those labels on Smith's theories of potential recovery is not enough. None of the conduct that he ascribes to Brown or Toft (or, through them, to the District) violates any identifiable federal constitutional right on Smith's part. Indeed, the only acts that he has identified that come within the two-year limitations period that is applicable to 42 U.S.C. §1983 claims (oral statements by Toft and Brown in November 2005, which he describes in Complaint ¶¶8 and 9 and are incorporated by reference into Counts V and VI) cannot arguably be stretched to fit the mold of a constitutional deprivation.

Accordingly the Application is denied for more than one reason, while both the Complaint and this action are dismissed. No opinion is expressed or implied here as to whether Smith may perhaps have some claim that is cognizable in a <u>state</u> court of competent jurisdiction.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: July 18, 2007